UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| CHRISTINA M L., <br><br> Plaintiff, <br><br> v. <br><br> COMMISSIONER OF SOCIAL SECURITY, <br><br> Defendant. | Case No. C24-0092 RSM <br><br> **ORDER REVERSING DENIAL OF BENEFITS AND REMANDING FOR FURTHER PROCEEDINGS** |

Plaintiff seeks review of the denial of her applications for Supplemental Security Income (SSI) and Disability Insurance Benefits (DIB).  Plaintiff contends the ALJ erred at step two, improperly evaluated her symptom testimony, and improperly rejected lay witness testimony. Dkt. 8.  As discussed below, the Court **REVERSES** the Commissioner's final decision and **REMANDS** the matter for further administrative proceedings under sentence four of 42 U.S.C. § 405(g).

**BACKGROUND**

Plaintiff is 47 years old, has at least a high school education, and has worked as a cashier, home attendant, baker, material handler, child care attendant/nursery, and apartment house manager.  Admin. Record (AR) 33.  In November 2020, Plaintiff applied for benefits, alleging disability as of January 1, 2017.  AR 78, 90, 104, 115.  Plaintiff's applications were denied

ORDER REVERSING DENIAL OF
BENEFITS AND REMANDING FOR
FURTHER PROCEEDINGS - 1

1 | initially and on reconsideration. AR 89, 101, 113, 124. The ALJ conducted a hearing on
2 | October 6, 2022, where Plaintiff amended her alleged onset date to June 30, 2019 (AR 42–75.)
3 | and issued a decision on January 17, 2023, finding Plaintiff not disabled. AR 15–41.

## DISCUSSION

The Court may reverse the ALJ's decision only if it is legally erroneous or not supported by substantial evidence of record. *Ford v. Saul*, 950 F.3d 1141, 1154 (9th Cir. 2020). The Court must examine the record but cannot reweigh the evidence or substitute its judgment for the ALJ's. *Thomas v. Barnhart*, 278 F.3d 947, 954 (9th Cir. 2002). When evidence is susceptible to more than one interpretation, the Court must uphold the ALJ's interpretation if rational. *Ford*, 950 F.3d at 1154. Also, the Court "may not reverse an ALJ's decision on account of an error that is harmless." *Molina v. Astrue*, 674 F.3d 1104, 1111 (9th Cir. 2012).

**1.    Step Two**

Plaintiff contends the ALJ erred by finding her gastrointestinal issues not severe at step two. Dkt. 8 at 3–6.

At step two, the ALJ must determine if the claimant has a medically determinable impairment or combination of impairments that are severe, such that they would significantly limit the claimant's ability to perform basic work activities. *See Smolen v. Chater*, 80 F.3d 1273, 1289–90 (9th Cir. 1996) (citation omitted); 20 C.F.R. §§ 404.1520(a)(4)(ii), 416.920(a)(4)(ii). "Basic work activities are 'abilities and aptitudes necessary to do most jobs.'" *Smolen*, 80 F.3d at 1290. The claimant retains the burden of proof at step two. *See Parra v. Astrue*, 481 F.3d 742, 746 (9th Cir. 2007). The step-two inquiry is "merely a threshold determination meant to screen out weak claims." *Buck v. Berryhill*, 869 F.3d 1040, 1048 (9th Cir. 2017) (citing *Bowen v. Yuckert*, 482 U.S. 137, 146–47 (1987)). As long as the claimant has at least one severe

impairment, the disability inquiry moves on to step three. *See* 20 C.F.R. §§ 404.1520(d), 416.920(d). The step-two inquiry "is not meant to identify the impairments that should be taken into account when determining the RFC." *Buck*, 869 F.3d at 1048–49.

Here, the ALJ reasonably found Plaintiff's gastrointestinal issues not severe. The ALJ pointed to Plaintiff's normal abdomen scan, colon biopsies, colonoscopy and unremarkable EGD. AR 1215, 3495, 3501–02, 3509, 3523, 3591–93. The ALJ also noted Plaintiff's bowel movements were not as frequent as alleged, given Plaintiff's lack of reports of such issues or explicit denial of diarrhea or frequent urination throughout the record. AR 1837, 1847. While there were records noting Plaintiff's chronic diarrhea, the ALJ also highlighted Plaintiff's reports of improvements after following a special diet or taking medication. AR 3058, 3521. Plaintiff points out she still presented symptoms even with medication and was diagnosed with chronic diarrhea, Dkt. 8 at 5, but she has not sufficiently shown her cited evidence would necessarily significantly limit her ability to perform basic work activities.

Further, even if the ALJ had erred in finding Plaintiff's gastrointestinal issues not severe, "a claimant cannot be prejudiced by failure to consider a particular impairment severe at step two as long as the ALJ finds the claimant has at least one severe impairment, and still addresses the non-severe impairment when considering the claimant's [residual functional capacity]." *See Buck*, 869 F.3d at 1049. (citing *Molina*, 674 F.3d at 1115). Here, after finding Plaintiff's gastrointestinal issues not severe, the ALJ proceeded to consider them in assessing her RFC. *See* AR 31–33. Whether the ALJ properly did so is further discussed below.

**2.  Plaintiff's Symptom Testimony**

Plaintiff contends the ALJ erred in rejecting her testimony regarding her back pain, mental health symptoms, and gastrointestinal issues. Dkt. 8 at 6–17.

ORDER REVERSING DENIAL OF
BENEFITS AND REMANDING FOR
FURTHER PROCEEDINGS - 3

    Plaintiff testified her gastrointestinal issues cause sudden bladder and bowel movements. AR 52. She stated she often has to go to the bathroom one to four times a day on average, though she does have fluctuations every two weeks where she has to use to bathroom seven to ten times a day. *Id*. Plaintiff also testified to back pain after enduring a fall. AR 54. She explained that because of her back pain, she moves at slow pace and has to lie down at times during her caretaking job. AR 57–58. She explained that on a regular eight-hour workday, she has to lie down for a total of an hour and a half to three or more hours. AR 59. Plaintiff further testified to having brain fog and difficulties with thinking clearly and concentrating. AR 56.

    Where, as here, an ALJ determines a claimant has presented objective medical evidence establishing underlying impairments that could cause the symptoms alleged, and there is no affirmative evidence of malingering, the ALJ can only discount the claimant's testimony as to symptom severity by providing "specific, clear, and convincing" reasons supported by substantial evidence. *Trevizo v. Berryhill*, 871 F.3d 664, 678 (9th Cir. 2017). "The standard isn't whether our court is convinced, but instead whether the ALJ's rationale is clear enough that it has the power to convince." *Smartt v. Kijakazi*, 53 F.4th 489, 499 (9th Cir. 2022).

    a.    **Back Pain**

    In rejecting Plaintiff's testimony regarding her back pain, the ALJ first pointed to the "modest examination findings" throughout Plaintiff's record. AR 27–28. "When objective medical evidence in the record is *inconsistent* with the claimant's subjective testimony, the ALJ may indeed weigh it as undercutting such testimony." *Smartt*, 53 F.4th at 498. The ALJ's assessment is reasonable. Following her fall, Plaintiff's providers noted decreased range of motion, that her low back pain was "likely due to lumbar strain," and that it would "take some time to heal." AR 2061–62. Plaintiff afterwards reported worsening pain, though her provider

ORDER REVERSING DENIAL OF
BENEFITS AND REMANDING FOR
FURTHER PROCEEDINGS - 4

noted the symptoms as "mechanical" and her physical examination showed she had muscle strength within normal limits, normal gait, and no neurological weakness. AR 2031, 2057. An MRI of Plaintiff's lumbar spine showed she had degenerative facet changes and mild bilateral lateral recess stenosis. AR 2026–27, 2473. Plaintiff later presented for an evaluation of her pain, reporting that her weekly therapy, which she did for five weeks, did not help. AR 2611. However, her physical exam showed her gait was within normal limits; she was able to toe, heel, walk; and while she had some difficulty with tandem walk, she was able to stand on one foot. AR 2614. Plaintiff's range of motion was slightly limited, and her lower lumbar spine was diffusely tender to palpitation, but she also had full strength in her lower extremities. *Id*. The evaluator noted Plaintiff needed to return to physical therapy and there was no current need for steroid injections given the "mostly myofascial nature of her pain." AR 2617.

      Physical examinations following her pain evaluation shows Plaintiff continued to have gait within normal limits, no neurological weakness, full strength in her lower extremities, and negative straight leg raises, though she had decreased range of motion in her spine and aching across her lower lumbar musculature. AR 1802, 1961, 2005, 2021. Plaintiff objects to the ALJ's assessment and cites several records demonstrating findings of tenderness, guarded movements, aching, and limited range of motion. Dkt. 8 at 11–12. But the ALJ did not disregard Plaintiff's reports of her symptoms as shown in these cited records. The ALJ acknowledged the presence of Plaintiff's symptoms but found they were undermined by the objective findings of Plaintiff's providers. Further, the records Plaintiff cites do not sufficiently show the ALJ's assessment was not supported by substantial evidence, given they show that despite Plaintiff's reports of lower back pains and aches, she had, as the ALJ noted, normal gait, normal strength, no point tenderness, normal range of motion, and no weakness. AR 706, 712, 777, 850, 857, 868–69,

875–76, 1361, 1819, 1825, 1961.  In rejecting Plaintiff's testimony based on its inconsistency with the objective medical evidence, the ALJ did not err.

The ALJ also rejected Plaintiff's testimony based on her conservative treatment.  AR 27–28.  "[E]vidence of 'conservative treatment' is sufficient to discount a claimant's testimony regarding severity of an impairment."  *Parra v. Astrue*, 481 F.3d 742, 751 (9th Cir. 2007) (quoting *Johnson v. Shalala*, 60 F.3d 1428, 1434 (9th Cir. 1995)).  As briefly alluded in the previous section, Plaintiff's providers limited her treatment to physical therapy and medication, noting no need for steroid injections or surgery.  *See* AR 725, 1840, 2617.  In her Reply, Plaintiff argues she "should not be discredited for failing to pursue non-conservative treatment options when none were offered to her."  Dkt. 14 at 6.  But this only supports the ALJ's reasonable finding—the records, even those cited by Plaintiff, clearly state steroid injections or surgery were not offered to her because the severity of her symptoms did not warrant them.  *See* AR 2582 ("[d]iscussed need for regular exercise not just PT and that this needs to be life long," "it is NOT expected that all of her pain would be relieved by an injection or any treatment for that matter") 2636 ("physical therapy is the appropriate treatment, and injections or other interventions would not be helpful at this time").  Thus, in rejecting Plaintiff's testimony regarding her back based on her conservative treatment, the ALJ did not err.

The ALJ also noted Plaintiff was not compliant with her therapy treatments.  AR 27.  "[A]n 'unexplained, or inadequately explained, failure to seek treatment' may be the basis for an adverse credibility finding unless one of a 'number of good reasons for not doing so' applies."  *Orn v. Astrue*, 495 F.3d 625, 638 (9th Cir. 2007) (quoting *Fair v. Bowen*, 885 F.2d 597, 603 (9th Cir. 1989)).  The record shows that in addition to engaging in limited therapy, Plaintiff stopped adhering to a home exercise program (HEP) and seeking therapy sessions altogether.  AR 1131,

1136, 1143, 2616.  Plaintiff argues she found no improvements from attending therapy and there are records to support her assessment.  Dkt. 8 at 13.  Yet there are also records, more specifically from the provider who evaluated Plaintiff's pain, implying that the lack of effectiveness was related to her lack of compliance.  *See* AR 2582 (noting Plaintiff did not follow through with HEP, leaving her "really almost at the same place as before"), 2616 (stating Plaintiff "needs to go back and complete [physical therapy," and "focus on HEP" because it is "the treatment").  *See* AR 2616.  From these records, the ALJ could reasonably reject Plaintiff's testimony based on her lack of compliance with her treatment.

As at least one of the reasons the ALJ provided in rejecting Plaintiff's testimony regarding her back pain was valid and supported by substantial evidence, the ALJ did not err.

          **b.**    **Mental Health**

In rejecting Plaintiff's testimony regarding her mental health, the ALJ reasonably pointed to her largely unremarkable mental status examination findings.  AR 29–30.  As previously stated, "[w]hen objective medical evidence in the record is *inconsistent* with the claimant's subjective testimony, the ALJ may indeed weigh it as undercutting such testimony."  *Smartt*, 53 F.4th at 498.  Here, the ALJ's finding is supported by Plaintiff's examinations showing she continuously had normal mood and affect, with intact attention span, concentration, and memory.  AR 1782, 1832, 1838, 1875, 1924, 1936, 1967, 1994, 2021, 2031, 2034, 2056, 2309, 3540, 3554, 3559, 3566, 3574.

The ALJ also reasonably found Plaintiff's symptoms "were in large part related to situational stressors."  AR 30.  An ALJ may reject a claimant's testimony if "the record supports the ALJ's conclusion that [the claimant's] mental health symptoms were situational, and so unlikely to persist once [the claimant's] circumstances improved."  *Chesler v. Colvin*, 649 F.

ORDER REVERSING DENIAL OF
BENEFITS AND REMANDING FOR
FURTHER PROCEEDINGS - 7

App'x 631, 632 (9th Cir. 2016). Here, Plaintiff often denied particularly worry, anxiety, or panic symptoms, which the record describes as "situational." *See* AR 2229, 2243, 2308, 2321, 2330, 2338, 2345, 2357, 2362, 2379, 2383, 2396. Further, the cited evidence shows that to manage her anxiety, Plaintiff discussed steps to address situations revolving around her family members, finance, and health. *See* AR 2298, 2301, 2334, 2354.

The ALJ next found that while Plaintiff did present anxious at times, she improved from medication. AR 29–31. "Impairments that can be controlled effectively with medication are not disabling for the purpose of determining eligibility for [social security disability] benefits." *Warre ex rel. E.T. IV v. Comm'r of Soc. Sec. Admin.*, 439 F.3d 1001, 1006 (9th Cir. 2006). The cited evidence shows improvement varied in the beginning of the relevant period. *See, e.g.,* AR 1111 (less depressed), 1114 (reporting symptoms even with medication), 2243 (less depressed but more anxious), 2362 (more depressed), 2383 (more anxious). However, later records indicate more stability in the lessening of her symptoms. *See, e.g.,* AR 2284 (noting the medications "are on point" and is stable enough to return to caregiving), 2301 (good mood), 2309 (elevated mood), 2317 ("feeling 'better than before'" due to medication change), 2322 (mood less dysphoric).

The Court must uphold the ALJ's findings if "supported by inferences reasonably drawn from the record … and if evidence exists to support more than one rational interpretation." *See Batson v. Comm'r of Soc. Sec. Admin.*, 359 F.3d 1190, 1193 (9th Cir. 2004). Given Plaintiff's often normal mood and intact cognition, the numerous records describing Plaintiff's symptoms as situational, and evidence of improvement from medication, the Court cannot say the ALJ erred in rejecting Plaintiff's testimony regarding her mental health.

    **c.**    **Gastrointestinal Issues**

In rejecting Plaintiff's testimony regarding her gastrointestinal issues, the ALJ pointed to her activities of daily living.[1]  AR 31–32.  An ALJ may discount a claimant's symptom testimony when it is inconsistent with the claimant's general activity level.  *See Molina*, 674 F.3d at 1112–13; *Lingenfelter v. Astrue*, 504 F.3d 1028, 1040 (9th Cir. 2007).  The ALJ cites Plaintiff's ability to prepare meals, perform household chores, drive, shop, manage her finances, plan events with her son, and craft.  AR 31.  However, it is not clear how these activities necessarily negate Plaintiff's statements, especially since Plaintiff also testified that it may take her all day to perform one chore, her drives are short, and she carries diaper bags when leaving the house in case of an accident.  *See* AR 51, 60–61.  Because the ALJ did not demonstrate the inconsistencies between Plaintiff's activity level and Plaintiff's testimony about her gastrointestinal issues, the ALJ erred.

Defendant appears to argue the ALJ properly considered Plaintiff's testimony about her gastrointestinal issues by referring to the ALJ's discussion at step two.  Dkt. 13 at 4–5.  But as discussed in the previous section, step two and the RFC assessment concern different aspects of the disability evaluation.  While the ALJ considers the severity of a medically determinable impairment at step two, in determining a claimant's RFC, the ALJ considers the most work a claimant can do despite the limitations caused by the impairments and engages in a more detailed assessment.  *See* Social Security Ruling (SSR) 96-8p.  Thus, the Court rejects Defendant's argument.

---

[1] The ALJ also rejected Plaintiff's testimony regarding her back pain and mental health symptoms based on her activities of daily living.  AR 31.  However, because the ALJ provided other valid reasons supported by substantial evidence to reject her that portion of her testimony, the Court need not assess whether Plaintiff's activity level also supports the ALJ's rejection.  Even if it were insufficient, it would at most be harmless error.  *See Carmickle v. Comm'r, Soc. Sec. Admin.*, 533 F.3d 1155, 1162 (9th Cir. 2008) (including an erroneous reason among other reasons to discount a claimant's credibility does not negate the validity of the overall credibility determination and is at most harmless error where an ALJ provides other reasons that are supported by substantial evidence).

ORDER REVERSING DENIAL OF
BENEFITS AND REMANDING FOR
FURTHER PROCEEDINGS - 9

### 3. Lay Witness Testimony

Plaintiff's employer, Ms. Carter, provided a letter describing the accommodations Plaintiff is provided in her workplace, including the ability to arrive and leave "as required by her medical/physical/mental needs," Plaintiff's "full access to bathing/showering," and ability to leave "to take a 'quiet break' if needed away from her working areas." AR 377.

For applications filed on or after March 27, 2017, such as this one, an ALJ is "not required to articulate" how he or she evaluated evidence from non-medical sources such as employers using the requirements applicable to evidence from medical sources. 20 C.F.R. §§ 404.1502(e), 404.1520c(d); 416.902(l), 416.920c(d). Yet the Ninth Circuit has suggested an ALJ is required to provide "germane reasons" for discounting lay witness testimony. *See, e.g.*, *Muntz v. Kijakazi*, 2022 WL 17484332, at *2 (9th Cir. Dec. 7, 2022); *Weitman v. Kijakazi*, 2022 WL 17175060, at *4 n.4 (9th Cir. Nov. 23, 2022); *but see Fryer v. Kijakazi*, 2022 WL 17958630, at *3 (9th Cir. Dec. 27, 2022); *Kennedy v. O'Malley*, 2024 WL 242992, at *2 (9th Cir. 2024).

Here, the ALJ found Ms. Carter's letter unpersuasive because she provided no "specific limitations on a function-by-function basis," and "no evidence that any accommodations are medically necessary," and it appeared to be based primarily on Plaintiff's subjective reports. AR 33. The Court cannot say the ALJ's first two reasons are germane. Ms. Carter did provide some type of functional limitations that were similar to the limitations asked of the vocational expert (VE) during the hearing, including having close access to the bathroom and unscheduled breaks. *See* AR 72, 74. And while the ALJ may discount lay witness testimony that conflicts with the medical evidence, *Lewis v. Apfel*, 236 F.3d 503, 511 (9th Cir. 2001), the ALJ fails to cite to the records that support this finding. Finally, when lay witness testimony includes similar limitations as the claimant's testimony, an "ALJ's well-supported reasons for rejecting the

claimant's testimony apply equally well to the lay witness testimony." *Molina*, 674 F.3d at 1117.  However, the Court has found the ALJ partially erred in rejecting Plaintiff's testimony.  The ALJ's partially erroneous rationale therefore cannot be used to affirm the ALJ's rejection of all of Ms. Carter's statement.

**4.     Remedy**

Plaintiff requests the Court to remand this case for an immediate award of benefits.  Dkt. 8 at 18.  Plaintiff argues that based on the testimony of the VE, if Plaintiff's testimony was properly credited, the ALJ would have to find her disabled on remand.  *Id*.

Remand for an award of benefits "is a rare and prophylactic exception to the well-established ordinary remand rule."  *Leon v. Berryhill*, 880 F.3d 1041, 1044 (9th Cir. 2017).  The Ninth Circuit has established a three-step framework for deciding whether a case may be remanded for an award of benefits.  *Id.* at 1045.  First, the Court must determine whether the ALJ has failed to provide legally sufficient reasons for rejecting evidence.  *Id.* (citing *Garrison*, 759 F.3d at 1020).  Second, the Court must determine "whether the record has been fully developed, whether there are outstanding issues that must be resolved before a determination of disability can be made, and whether further administrative proceedings would be useful."  *Treichler v. Comm'r of Soc. Sec. Admin.*, 775 F.3d 1090, 1101 (9th Cir. 2014) (internal citations and quotation marks omitted).  Only if the first two steps are satisfied can the Court determine whether, "if the improperly discredited evidence were credited as true, the ALJ would be required to find the claimant disabled on remand." *Garrison*, 759 F.3d at 1020.  "Even if [the Court] reach[es] the third step and credits [the improperly rejected evidence] as true, it is within the court's discretion either to make a direct award of benefits or to remand for further proceedings."  *Leon*, 880 F.3d at 1045 (citing *Treichler*, 773 F.3d at 1101).

The first step is met here as the Court has found the ALJ partially erred in evaluating Plaintiff's testimony and erred in evaluating lay witness testimony.  However, the Court cannot proceed to the second step as there remains conflicting evidence regarding the limitations posed by Plaintiff's impairments.  For example, Plaintiff's testimony regarding her gastrointestinal issues is contradicted by medical opinion evidence, which Plaintiff did not challenge.  The ALJ must resolve such contradicting evidence before the Court can proceed to the third step. *Dominguez v. Colvin*, 808 F.3d 403, 409 (9th Cir. 2015) ("[T]he district court must 'assess whether there are outstanding issues requiring resolution *before* considering whether to hold that [the rejected evidence] is credible as a matter of law.'") (quoting *Treichler*, 775 F.3d at 1105). Accordingly, the Court finds remanding for further proceedings is the more appropriate remedy.

## CONCLUSION

For the foregoing reasons, the Commissioner's final decision is **REVERSED** and this case is **REMANDED** for further administrative proceedings under sentence four of 42 U.S.C. § 405(g).  On remand, the ALJ should re-evaluate Plaintiff's testimony and lay witness testimony, reassess Plaintiff's RFC, and proceed with the rest of the sequential analysis.

DATED this 11th day of July, 2024.

RICARDO S. MARTINEZ
UNITED STATES DISTRICT JUDGE