UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| CHRISTINA M. LATHAM,<br><br>                Plaintiff,<br><br>   v.<br><br>COMMISSIONER, SOCIAL SECURITY ADMINISTRATION,<br><br>                Defendant. | CASE NO. C24-92-RSM<br><br>ORDER GRANTING PLAINTIFF'S MOTION FOR ATTORNEY FEES UNDER THE EQUAL ACCESS TO JUSTICE ACT, 28 U.S.C. § 2412(D) |

    This matter comes before the Court on Plaintiff's unopposed Motion for attorney's fees pursuant to the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412. Dkt. #17.

    Under EAJA, the Court must award attorney's fees to the prevailing party in an action such as this unless it finds the government's position was "substantially justified" or that special circumstances make an award unjust. 28 U.S.C. § 2412(d)(1)(A). EAJA creates a presumption that fees will be awarded to a prevailing party, but Congress did not intend fee shifting to be mandatory. *Flores v. Shalala*, 49 F.3d 562, 567 (9th Cir. 1995); *Zapon v. United States Dep't of Justice*, 53 F.3d 283, 284 (9th Cir. 1995). Rather, the Supreme Court has interpreted the term "substantially justified" to mean that a prevailing party is not entitled to recover fees if the government's position is "justified to a degree that could satisfy a reasonable person." *Pierce v.*

*Underwood*, 487 U.S. 552, 566 (1992). The decision to deny EAJA attorney's fees is within the discretion of the court. *Lewis v. Barnhart*, 281 F.3d 1081, 1083 (9th Cir. 2002). Attorneys' fees under EAJA must be reasonable. 28 U.S.C. § 2412(d)(2)(A); *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983).

This Motion is timely. Furthermore, upon review of the Motion and the record, the Court determines that Plaintiff is the prevailing party and the Government's position was not substantially justified. Plaintiff's Motion is unopposed, as Defendant Commissioner responded with no objection. *See* Dkt. #19. The Court concludes that Plaintiff's requested EAJA fees in the amount of $8,765.01 are reasonable.

For the reasons set forth above, the Court ORDERS that Plaintiff's Motion, Dkt. #17, is GRANTED. The Court awards Petitioner fees in the amount of $8,765.01 to be paid by Defendant, subject to verification that Plaintiff does not have a debt which qualifies for offset against the awarded fees, pursuant to the Treasury Offset Program discussed in *Astrue v. Ratliff*, 560 U.S. 586 (2010). If Plaintiff has no debt, the check shall be made out to Plaintiff's attorney, H. Peter Evans. If Plaintiff has a debt, then the check for any remaining funds after offset of the debt shall be made to Plaintiff's attorney.

DATED this 22nd day of November, 2024.

RICARDO S. MARTINEZ
UNITED STATES DISTRICT JUDGE